UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOSEPH RACANELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-4196 |
| | ) | |
| AMANDA REISCHE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently detained at Rushville Treatment and Detention Center, pursues a Fourteenth Amendment claim for loss of property.

A. <u>Motion to Request Counsel</u>

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not made a showing of a reasonable attempt to secure counsel, nor that he has been precluded from making such an attempt. Plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance regarding the specific legal problem at issue in the lawsuit, along with copies of the responses they received from the attorneys they contacted. Plaintiff states he wrote to several attorneys seeking assistance and has not heard back, though he does not attach a copy of the letter

he sent, nor does he say who he sent it to. And the complained-of incident only occurred a few weeks ago; Plaintiff must allow a reasonable response time before concluding his requests have been rejected. Motion denied. Plaintiff may renew his motion if he can show a reasonable attempt to secure counsel on his own.

B. <u>Merit Review Order</u>

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

On October 13 and 17, 2023, staff at Rushville searched Plaintiff's room. Property was seized. On October 25, Plaintiff was called to the property area of the facility. Plaintiff says his property was damaged but does not say how it was damaged, Plaintiff elsewhere alleges that his property was but "possibly damaged." Defendant told Plaintiff that he could have back all his property except for his three-speaker audio

player, because facility rules ban possession of systems with more than two speakers. Plaintiff asserts he should be allowed three speakers under a "grandfather clause."

"[A] prisoner is not deprived of a property interest when he is able to send the property to a destination of his choice." *Munson v. Gaetz*, 673 F.3d 630, 638 (7th Cir. 2012). A detainee must allege "an actual deprivation of his property," as opposed to not being able to possess certain property. *Id.*

To the extent Plaintiff contends that Defendant violated the facility's rules as related to grandfathered property, even if that is true it does not amount to a violation of the United States Constitution, since departmental rules do not create constitutional protections. *Thompson v. City of Chicago*, 472 F.3d 444, 453-55 (7th cir. 2006).

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Proceed in Forma Pauperis [3] is GRANTED.**

2. **Plaintiff's Motion to Request Counsel [4] is DENIED.**

3. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a plausible claim for relief arising under the Constitution or Laws of the United States.**

4. **Plaintiff will be allowed one opportunity to file an amended complaint if he believes he can state a claim for relief consistent with the rulings in this order. Plaintiff granted 30 days to amend. Failure to timely amend will result in dismissal of this action without prejudice for failure to state a claim.**

Entered this 13th day of November, 2023.

                     *s/Michael M. Mihm*
                     MICHAEL M. MIHM
                UNITED STATES DISTRICT JUDGE